Opinion filed September 4, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September 4,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00126-CR 

                                                     __________

 

DANIEL RAY GALLOW, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 58th District Court

 

 Jefferson County, Texas

 

Trial Court Cause No. 91705

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
jury found that Daniel Ray Gallow committed the offense of aggravated sexual
assault.  The trial court found that the enhancement allegations were true, and
it assessed Gallow=s
punishment at confinement for fifty years.  The trial court also made an
affirmative finding on the use of a deadly weapon.  We affirm.








There
is no challenge to the sufficiency of the evidence.  Gallow complains in his
first issue on appeal that a juror slept during part of his trial and that the
juror, therefore, became Adisabled@ as outlined in Tex. Code Crim. Proc. Ann. art. 36.29
(Vernon Supp. 2007).  We do not reach this issue because Gallow did not raise
an objection in the trial court and has, therefore, failed to preserve the
issue for review.  Tex. R. App. P.
33.1.  Even if Gallow had not waived the issue, he could not prevail upon it. 
He relies upon United States v. Freitag, 230 F.3d 1019 (7th Cir. 2000). 
There, one of the jurors had gone to sleep.  In declining to find error for not
removing the juror, the court noted that there was no evidence that the juror
missed large parts of the trial and neither was there any evidence that the
parts missed were crucial.  The same is true in this case.  We overrule Gallow=s first issue on appeal.

In
his second issue on appeal, Gallow asserts that the trial court committed error
when it overruled his objections to the admissibility of DNA evidence.  His
complaint is directed at the chain of custody.  Most questions concerning care
and custody of evidence go to the weight attached to the evidence and not to
the admissibility of the evidence unless there is some evidence of tampering.  Alvarez
v. State, 857 S.W.2d 143, 147 (Tex. App.CCorpus
Christi 1993, pet. ref=d);
see also Tex. R. Evid.
901(a) (authentication requirements satisfied by Aevidence
sufficient to support a finding that the matter in question is what its
proponent claims@).  

Julia
Robertson, the sexual assault nurse examiner who collected evidence for the
rape kit in this case, placed the items of evidence in appropriate containers
and sealed them.  One of the chemists who received the items testified that,
although she would have used red evidence tape to seal the evidence, it was
sealed when she received it.  Other persons who performed laboratory or DNA
tests testified that the containers were sealed when they received them. 
Nevertheless, Gallow claims that there is evidence of tampering.  His claim
apparently is based in part upon the testimony regarding the red evidence tape
and in part upon the fact that not each and every person in the chain of custody
testified.  We have examined the record and can find no evidence to suggest
that anyone had tampered with the evidence.  Gallow=s claims go to the weight of the testimony and
not to the admissibility.  See Lagrone v. State, 942 S.W.2d 602,
617 (Tex. Crim. App. 1997).  We overrule Gallow=s
second issue on appeal.

The
judgment of the trial court is affirmed.

 

JIM R. WRIGHT

September 4, 2008                                                                   CHIEF
JUSTICE

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.